IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARVESTER JOHNSON, JR., | No. 2:14-CV-2029-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CALIFORNIA HEALTH CARE FACILITY, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's first amended complaint (Doc. 5). Also before the court are: (1) plaintiff's motion for injunctive relief (Doc. 12); and (2) plaintiff's motion for issuance of summons (Doc. 19).

/ / /

/ / /

/ / /

/ / /

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: California Health Care Facility; Rackley; Duffy; Hudnall; Voong; Bickham; Brown; Kneel; Thoms; Barroga; Avalos; Steele; Torres; Mansch; Lewis; Bunch; Dix; Perez; Shelton; Sanborn; Rubalcava; and Williams. According to plaintiff, he reported to work "at culinary" on May 19, 2014, and told the officer that he was sick and needed to go to the medical clinic, but the officer told plaintiff he needed to stay at work. Plaintiff states that he told the officer "Fuck you" after which the officer issued a rules violation report against plaintiff. Plaintiff adds that he appealed the rules violation "and captain G. Bickham confirmed by the nurse that I was sick and they still denied me."

Next, plaintiff claims that while at work on June 5, 2014, he was charged with another rules violation for stealing juice. Plaintiff adds that, on June 6, 2015, defendant Steele "did a search" and found two bottles of prune juice.

Next, plaintiff states that, on August 5, 2014, he "gave officer K. Sanborn the middle finger" after which he was placed in handcuffs and escorted to a holding cell.

Next, plaintiff alleges that he was charged with a rules violation on August 16, 2014, for being "out of bounds" even though he was standing where an officer had told him to stand.

Throughout the complaint, plaintiff states that he was denied mental health assessments. He also asserts that he was denied witnesses at disciplinary hearings.

## II. DISCUSSION

**A.     Screening**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

2

from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

First, the amended complaint is defective in that it names as defendant California Health Care Facility which is immune from suit. The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc). California Health Care Facility will be dismissed.

Next, it appears that plaintiff is attempting to state claims based on denial of medical care when he reported for work duty sick but was not allowed to go to the medical clinic, and based on denial of due process when he was denied witnesses at disciplinary hearings. Plaintiff has not, however, linked any named defendant to an alleged constitutional violation. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link

between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

        Finally, as to plaintiff's allegations that he was denied mental health assessments, the claim is deficient because he has failed to link an alleged violation to conduct by any named defendant.  Additionally, plaintiff has not alleged that he suffers from a serious medical condition related to his mental health.  Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

/ / /

/ / /

**B.     Pending Motions**

      1.     <u>Motion for Injunctive Relief</u>

Plaintiff asserts that he has been threatened by the prison appeals coordinator with placement in segregation unless he stops working on his legal case. Plaintiff adds that he was in fact placed in administrative segregation on October 29, 2014. According to plaintiff, placement in administrative segregation would result in being unable to go to the law library.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

In this case, it is not clear whether the "appeals coordinator" is a party to this action as the individual is not named in plaintiff's motion. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, injunctive relief is not available because plaintiff has not alleged any irreparable harm. While plaintiff's access to the law library may be hindered, any harm can be addressed by way of seeking appropriate extensions of time from the court. Finally, injunctive relief is not available because plaintiff has not shown any likelihood of success on the merits of either a retaliation claim against the unnamed appeals coordinatorm because no such claim is part of the underlying action, or any of the claims which

5

are alleged in the complaint, for the reasons outlined above.

        2.      Motion for Issuance of Summons

Petitioner seeks an order directing the Clerk of the Court is issue a summons in this action. Because plaintiff has not yet stated any cognizable claims as against a named defendant, plaintiff's motion will be denied.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

/ / /

/ / /

/ / /

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that;

1. California Health Care Facility is dismissed as a defendant to this action;
2. Plaintiff's first amended complaint (Doc. 5) is dismissed with leave to amend;
3. Plaintiff's motion for injunctive relief (Doc. 12) is denied;
4. Plaintiff's motion for issuance of summons (Doc. 19) is denied; and
5. Plaintiff shall file a second amended complaint within 30 days of the date of this order.

DATED: September 28, 2015

                                  **CRAIG M. KELLISON**
                                  UNITED STATES MAGISTRATE JUDGE