IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARVESTER JOHNSON, JR., | No. 2:14-CV-2029-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| CALIFORNIA HEALTH CARE FACILITY, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. On September 28, 2015, the court directed plaintiff to file a second amended complaint within 30 days. Plaintiff was warned that failure to file an amended complaint may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110. As of January 20, 2016, plaintiff had not filed an amended complaint, and the court directed plaintiff to show cause in writing within 30 days why this action should not be dismissed for failure to comply. To date, plaintiff has not responded to the order to show cause or filed an amended

complaint as initially directed.

The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1.  Under these standards, dismissal has been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Given plaintiff's failure to file an amended complaint, which prevents this action from proceeding, and the court's repeated warnings about the potential consequences of failing to comply, the court finds that dismissal is an appropriate sanction.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders; and

2. The Clerk of the Court is directed to enter judgment and close this file.

DATED: May 16, 2016

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

2